IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTOPHER OLIVA,

    Plaintiff,

v.                                          C.A. No.:    1:19-cv-1116

FLUX RESOURCES, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER OLIVA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, FLUX RESOURCES, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because, at all time material hereto, Defendant, FLUX RESOURCES, LLC, conducted business and had offices in Travis County, Texas, and Plaintiff performed his work in Travis County, Texas.

## THE PARTIES

4.     Plaintiff, CHRISTOPHER OLIVA, is an individual residing in Bexar County, Texas.

5.     Plaintiff, CHRISTOPHER OLIVA, was employed by Defendant, FLUX RESOURCES, LLC, from sometime in 2015 until February 28, 2019, as a "Recruiter."   From October of 2016, until September 28, 2018, Plaintiff was paid at the regular rate of $26.64 per hour, plus commissions.   From September 29, 2018, until February 28, 2019, Plaintiff was paid at the regular rate of $28.85 per hour, plus commissions.   Plaintiff's principle duties were to recruit employees on behalf of the Defendant and its customers.

6.     Defendant, FLUX RESOURCES, LLC, is a limited liability company existing under the laws of the State of Oregon and maintains offices in Travis County, Texas.

7. Defendant, FLUX RESOURCES, LLC, is a company that primarily operates a business that specializes in staffing services and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, FLUX RESOURCES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, FLUX RESOURCES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, FLUX RESOURCES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff utilized the channels of interstate commerce as part of his regular and recurring job duties, e.g., internet and interstate telephone and facsimile communications.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

12. Plaintiff 1) occupied the position of "Recruiter;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an hourly plus

commission basis.

13. Defendant's management required Plaintiff to work in excess of 40 hours in a workweek.

14. Plaintiff was not paid for his overtime work in accordance with the FLSA.

15. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

16. Specifically, Plaintiff was never paid overtime that included the commissions earned by the Plaintiff in the workweeks in which he worked in excess of 40 hours. Instead, Plaintiff was merely paid one and one-half times his hourly rate.

17. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

18. Plaintiff worked numerous workweeks wherein he worked in excess of 40 hours in workweek, but was not paid in accordance with the overtime requirements of Section 7(e) of the Act, 29 U.S.C. § 207(e), which requires the inclusion in the regular rate of all remuneration for employment except eight

specified types of payments, none of which apply herein.

19. Defendant's policy of not properly paying overtime is company-wide and was willful.

20. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

21. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

22. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

23. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRISTOPHER OLIVA, demands Judgment against Defendant for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law.

## JURY TRIAL DEMAND

Plaintiff, CHRISTOPHER OLIVA, demands a jury trial on all issues so triable.

Respectfully submitted this November 18, 2019.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com
>
> _____
> **CHARLES L. SCALISE**
> Texas Bar No. 24064621
> **DANIEL B. ROSS**
> Texas Bar No. 789810
> **ATTORNEYS FOR PLAINTIFFS**